UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QIONG SUN<br>(A#205-111-750),<br><br>Plaintiffs,<br>v.<br><br>JEFFERSON SESSIONS, Attorney General<br>U.S. Department of Justice,<br><br>KIRSTJEN M. NIELSEN, Secretary<br>U.S. Department of Homeland Security,<br><br>L. FRANCIS CISSNA, Director<br>U.S. Citizenship and Immigration Services,<br><br>WILLIAM BIERMAN, Field Office Director<br>New York Field Office<br>U.S. Citizenship and Immigration Services,<br><br>THOMAS CIOPPA, District Director<br>New York Field Office<br>U.S. Citizenship and Immigration Services,<br><br>CHRISTOPHER A. WRAY, Director<br>Federal Bureau of Investigation<br><br>Defendants. | Civil Action No. 1:18-cv-18-4280-KPF<br>"ECF Case"<br><br><br><br><br><br><br><br>AMENDED<br>COMPLAINT FOR WRIT IN THE<br>NATURE OF MANDAMUS TO<br>COMPEL ADMINISTRATIVE<br>ACTION |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF**

**MANDAMUS TO COMPEL ADMINSTRATIVE ACTION**

COME NOW Qiong Sun in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.     This action is brought against the Defendants to compel action on Form I-485 Application to Adjust Status, which was properly filed by Plaintiff and received by U.S. Citizenship and Immigration Services ("USCIS") on March 25, 2014 (USCIS Receipt Number: SRC14-902-04125).  The I-485 application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

## I. PARTIES

**A.**  **Plaintiff**

2.     Plaintiff Qiong Sun is a native and citizen of China who is currently employed pursuant to an H-1B visa by her employer, Morgan Stanley & Co LLC.  Plaintiff currently resides at 70 Little West Street, Apt. 6H, New York, NY 10004.

**B.**  **Defendants**

3.     Defendant JEFFERSON SESSIONS, the Attorney General of the United States of America, is charged with the administration and enforcement of the Immigration and Nationality Act, and all other laws relating to the immigration and naturalization of aliens.  INA § 103(a)(1). Defendant Sessions is sued in his official capacity.

4.     Defendant KIRSTJEN M. NIELSEN is the Secretary of the U.S. Department of Homeland Security (hereinafter, "DHS").  As of March 1, 2003, DHS is the agency responsible for implementing the Immigration and Nationality Act.  Defendant Nielsen is sued in her official capacity.

5.     Defendant WILLIAM BIERMAN is the Field Office Director of the U.S. Citizenship and Immigration Services for the New York District Office, and is designated by statute to grant or deny any application or petition submitted to the U.S. Citizenship & Immigration

Services, New York District Office, relating to the relief requested by Plaintiff. Plaintiff's I-485 adjustment application is currently pending with the New York District Office, whose principal office is 26 Federal Plaza, New York, New York 10278. Defendant Bierman is sued in his official capacity.

6. Defendant THOMAS CIOPPA is the District Director of the U.S. Citizenship and Immigration Services for the New York District Office, and is designated by statute to grant or deny any application or petition submitted to the U.S. Citizenship & Immigration Services, New York District Office, relating to the relief requested by Plaintiff. Plaintiff's I-485 adjustment application is currently pending with the New York District Office, whose principal office is 26 Federal Plaza, New York, New York 10278. Defendant Cioppa is sued in his official capacity.

7. Defendant L. FRANCIS CISSNA is the Director of the U.S. Citizenship & Immigration Services (hereinafter, "U.S.C.I.S."), an agency within the Department of Homeland Security, which is charged by law with the obligation of adjudicating alien relative petitions and applications for lawful permanent residence such as Plaintiff's. Defendant Cissna is sued in his official capacity.

8. Defendant CHRISTOPHER A. WRAY is the Director of the FBI. This suit is brought against Director Wray in his official capacity, because as a matter of policy, he is responsible for performing background and security checks for certain applicants for immigration benefits.

## II. STATEMENT OF FACTS

9. Plaintiff is a native and citizen of China who is currently employed pursuant to an H-1B visa by her employer, Morgan Stanley & Co LLC. **Exhibit A**, passport of Plaintiff. **Exhibit B**, H-1B approval notice. On December 20, 2013 Morgan Stanley & Co LLC filed an I-140 petition for alien worker on behalf of Plaintiff, which was approved by USCIS on February 20, 2014. **Exhibit C**, I-140 approval notice. When Plaintiff's priority date became current, she filed an I-485 application to adjust status to lawful permanent residence based on the approved I-140 petition. **Exhibit D**, I-485 receipt notice. The I-485 application was filed and received by USCIS on March 25, 2014 – more than four (4) years ago.

10. For nearly two years since the filing of the I-485 application Plaintiff received no word from USCIS regarding the status of her I-485 application. On December 22, 2015, the the law firm of Ogletree, Deakins, Hash, Smoak & Stewart, P.C. ("Ogletree Deakins"), who is counsel for Morgan Stanley, submitted a request to USCIS' Texas Service Center for information on the status of Plaintiff's I-485 application. Ogletree Deakins was informed by USCIS that they would receive a response to their inquiry within 30 days.

11. After receiving no such response, Ogletree Deakins submitted another request to USCIS for status update on January 22, 2016. Approximately seven months later, USCIS notified Plaintiff on August 5, 2016 that it was scheduling her for an I-485 adjustment interview. **Exhibit E**, printout from USCIS' website showing case status history of Plaintiff's I-485 application.

**12.**  On August 11, 2016, USCIS advised Plaintiff that it scheduled her for an I-485 interview. **Exhibit E**.

13.  USCIS scheduled Plaintiff's I-485 interview for September 16, 2016.  However, on September 2, 2016, USCIS abruptly canceled Plaintiff's interview without explanation. **Exhibit E**.  Ogletree Deakins submitted a Congressional Inquiry to USCIS requesting the reason for said interview cancellation, but received no response.

14.  Four months later, on January 25, 2017, USCIS stated on its Case Status Online that "We received your case" – a perplexing status update given that Plaintiff's I-485 application was filed with USCIS on March 25, 2014, almost three (3) years ago.  **Exhibit E**.

15.  Two weeks later, on February 8, 2017, USCIS transferred Plaintiff's I-485 application "to another office for further processing." **Exhibit E**.

16.  The following day, on February 9, 2017, USCIS transferred Plaintiff's I-485 application to yet another office "for further processing." **Exhibit E**.

17.  On March 3, 2017, USCIS notified Plaintiff that it was scheduling Plaintiff for an I-485 interview.  **Exhibit E**.  On May 31, 2017, Plaintiff appeared for her adjustment interview at the New York District Office.  At the interview the officer requested that Plaintiff submit a new I-693 medical examination to USCIS, as the previously submitted exam had expired.  I-693 medical examinations are valid for only a period of one year and due to the delay on the part of USCIS to adjudicate Plaintiff's I-485 application, the medical examination that Plaintiff previously submitted to USCIS was no longer valid.

18.  Plaintiff complied with this request by undergoing a new medical (at additional cost to Plaintiff) and submitting the new exam to USCIS on June 28, 2017.  The interviewing

officer advised Plaintiff that USCIS would issue a decision on her adjustment application within 120 days of receiving her new medical exam.

19. However, since the date of the interview on May 31, 2017, and since Plaintiff complied with USCIS' request to submit another medical examination on June 28, 2017, USCIS has yet to issue a decision on Plaintiff's I-485 application.  Plaintiff as well as Ogletree Deakins have both diligently and continuously followed up with USCIS to request a final adjudication of her I-485 application, to no avail.  Plaintiff and Ogletree Deakins have made numerous inquiries to USCIS through written communication, Infopass appointments at the New York District Office, calling USCIS' Customer Service 800 number, and engaging the USCIS Congressional Unit.   Despite these exhaustive efforts, Plaintiff's I-485 application continues to languish without any explanation by USCIS.

20. Post-interview, Plaintiff and / or Ogletree Deakins has submitted at least four additional inquiries to USCIS.  In August 2017 Ogletree Deakins sent a written inquiry to USCIS. After no response from USCIS, Ogletree Deakins submitted another request to USCIS on October 16, 2017.  After still no response from USCIS, Ogletree Deakins submitted another request to USCIS on January 16, 2018.  On March 20, 2018, Plaintiff called USCIS regarding her pending I-485 application.  On April 5, 2018, USCIS responded to Plaintiff's telephonic inquiry through an email, providing its standard response that a decision should be made within 120 days.  **Exhibit G**, email response from USCIS.

21. On April 5, 2018, Plaintiff secured an Infopass appointment at the New York District Office to follow up on her pending I-485 application.  At the Infopass appointment she was told by an officer that as of February 13, 2018, her application was being reviewed anew.  No written notice of this was provided to the Plaintiff and had she not gone in

6

  person to the Infopass appointment to follow up, USCIS would likely never have informed Plaintiff of this development.  When Plaintiff asked why was her I-485 application being reviewed again given that she had already appeared for an interview and submitted the requested new medical exam, the officer did not have a response.

22. According to USCIS' most recent processing time report, USCIS' New York District Office is taking approximately 12 months to 19.5 months to adjudicate I-485 adjustment applications.  **Exhibit H**, USCIS NYC Processing Time Report.  Per USCIS, the New York District Office is adjudicating I-485 applications that were filed with USCIS on or before July 13, 2016.  By comparison, Plaintiff's I-485 application was received by USCIS on March 25, 2014, more than two years before this date.

23. Despite Plaintiff's and Ogletree Deakins' diligent efforts, USCIS has yet to issue a final decision on her I-485 application.  **Exhibit F**, email correspondence between Plaintiff and Ogletree Deakins documenting the follow-up inquiries they have made with USCIS since 2015 to the present regarding her pending I-485 application.

24. Plaintiff has exhausted all administrative avenues, and has no other relief available to her other than seeking the relief of mandamus before a district court.

### III. JURISDICTION AND VENUE

25. This is a civil action for mandamus and declaratory relief in accordance with the provisions of 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff.").  Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

26. Jurisdiction is also conferred pursuant to 5 U.S.C. § 555(b) and 702, the Administrative Procedure Act ("APA").  The APA requires USCIS to carry out its duties within a reasonable time.  5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added).  USCIS is subject to 5 U.S.C. § 555(b).

27. Courts have found that the Immigration and Nationality Act establishes a clear right to have an adjustment application adjudicated.  *See, e.g., Razik v. Perryman*, No. 02-5189, 2003 U.S. Dist. LEXIS 13818, *6-7 (N.D. Ill. Aug. 6, 2003) (courts have consistently held that INA § 245 provides a right to have an application for adjustment of status adjudicated); *see also Iddir v. INS*, 301 F.3d 492 (7th Cir. 2002) at 500.

28. Jurisdiction of this court is invoked pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 555(b) and 706 et. seq., in conjunction with the federal question statute, 28 U.S.C. § 1331, this being an action which arises under the Constitution and laws of the United States, specifically under the provisions of the INA, 8 U.S.C. § 1151, et seq.  Jurisdiction is also invoked pursuant to 28 U.S.C. § 1361, this being an action in the nature of mandamus to compel officers and employees of an agency of the United States to perform duties owed to Plaintiff.  Plaintiff also alleges eligibility for payment of reasonable attorney's fees under the terms of the Equal Access to Justice Act, 28 U.S.C. § 2412.

29. Section 242 of the INA, 8 U.S.C. § 1252, does not deprive this Court of jurisdiction.  INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any

judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action…the authority of which is specified…to be in the discretion of the Attorney General or the Secretary of Homeland Security."  Because the adjudication of a properly filed I-485 application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim under 28 U.S.C. § 1361.  Thus, because Plaintiff is not challenging a decision to deny relief, but rather the agency's failure to act - which is nondiscretionary – the bar does not apply.  *Iddir*, 301 F.3d at 497-98.

30. Venue properly lies in this Court pursuant to the provisions of 28 U.S.C. § 1391(e), as this is the judicial district in which a defendant in the action resides, and also where a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff's I-485 application is pending with the New York District Office, which is located within this judicial district and division.

## IV.  CLAIMS FOR RELIEF

**A. MANDAMUS**

30. Plaintiff filed her I-485 adjustment application, as previously described hereinabove, with Defendants.  Defendants have accepted the application, along with the corresponding filing fee.  Plaintiff has also submitted all the necessary documents in support of said application.  However, through purposeful acts, negligence, poor management and inattention, Defendants have failed to complete the ministerial actions that would result in allowing them to adjudicate Plaintiff's I-485 application to adjust status.

31. Exhaustive inquiries have been conducted requesting information regarding the current status of said application as well as for the adjudication of said application.  These inquiries were carried out in accordance with the procedures established by Defendants for such purposes.

32. Defendants have not taken action to complete the application despite numerous inquiries and requests.

33. Defendants have adjudicated similar I-485 applications filed by persons who are not parties to this action and which were filed subsequent to the I-485 application filed by Plaintiff.

34. Defendants do not employ any reasonable system to safeguard that:  (1) files are centrally monitored to guarantee that they are being closed out on a rational, efficient and non-preferential basis; or (2) applicants are provided with information on the status of files that have not been adjudicated on a timely basis.

35. Plaintiff has been denied due process of law under the terms of the Fifth Amendment to the United States Constitution by Defendants' neglect and refusal to take action to adjudicate the pending application.

36. Plaintiff has suffered grievously and continues to suffer irreparable harm as a result of Defendants' delay and refusal to take action.  With respect to Plaintiff, this harm includes: an unreasonable delay in acquiring lawful status in the United States and establishing eligibility for United States citizenship as well as the many benefits, rights, and privileges of United States citizenship, including _inter alia_, the right to live in this country, the right to vote, the right to hold public office, and the right to be considered for civil service employment; inability to petition other family members; inability to travel for a

significant period of time or relocate; separation from family; and generally, continuing emotional distress resulting from her unsettled immigration status.

37. Moreover, it is noted that the medical exam that Plaintiff submitted on June 28, 2017 is due to expire on or about June 28, 2018.  If USCIS still has not adjudicated Plaintiff's I-485 application by then, in all likelihood USCIS will require Plaintiff to submit a third medical exam, at additional cost again to Plaintiff.

38. There is no reasonable basis for Defendants' position and it is not substantially justified under the law.

39. Defendants have in their possession all information necessary to complete the adjudication of Plaintiff's I-485 adjustment application.  Defendants' refusal to complete this administrative processing is a disregard of their official duty and Plaintiff is wholly without remedy, under the circumstances, unless mandamus is ordered by this Court.

**B. VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

40. Plaintiff re-alleges and incorporates by reference the allegations set out in paragraphs 1 through 39, inclusive, of this Complaint as though fully set forth herein.

41. The Administrative Procedure Act (APA) provides categorically that every agency "shall within a reasonable time...proceed to conclude any matter presented to it."  5 U.S.C. § 555(b).  In recognition that a failure or unwarranted refusal to adjudicate should be enjoined, Congress provided in 5 U.S.C. § 706 et. seq. that courts may review the inaction of an agency and specifically "compel agency action unlawfully withheld or unreasonably delayed."   Likewise, the court may "set aside agency action...found to be...arbitrary, capricious, and abuse of discretion...(or) contrary to constitutional right, power, privilege or immunity."  5 U.S.C. § 706 et. seq.

11

42. Courts may find unwarranted agency inaction tantamount to denial of an application pending before an agency.  5 U.S.C. § 555(e).

43. Defendants' conduct in processing Plaintiff's I-485 application, as described in the aforementioned allegations, is capricious and arbitrary and results in severe and unwarranted delay to Plaintiff in conferring valuable immigration benefits.  The delay so incurred is tantamount to a violation of the Administrative Procedure Act, 5 U.S.C. § 555(b) and (e), § 702 and 706 et. seq.   Plaintiff has suffered and continues to suffer severe irreparable injury for which there is no adequate remedy at law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

44. That judgment be entered ordering Defendants to forthwith adjudicate Plaintiff's I-485 adjustment application;

45. That Defendants be permanently enjoined from refusing to communicate with attorney for Plaintiff regarding the status of the case;

46. That Defendants be ordered to pay the cost of suit herein;

47. That Defendants be ordered to pay Plaintiff's reasonable attorney's fees for this action;

48. That the Court grant such other and further relief as it may deem to be necessary and proper.

Respectfully submitted,

Dated: May 14, 2018          /s/ Tsui H. Yee

Tsui H. Yee

TY3793

LAW OFFICES OF TSUI H. YEE, P.C.

32 Broadway, Suite 601

New York, NY 10004

(212) 785-83833

ATTORNEY FOR PLAINTIFFS